IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00190-CR

 

MARK NORRIS,

                                                                      Appellant

 v.

 

STATE OF TEXAS,

                                                                      Appellee

 

 

 



From the 87th
District Court

Freestone County, Texas

Trial Court # 03-023-CR

 



MEMORANDUM  Opinion



 

          Appellant, Mark Norris, was tried
before a jury and convicted of possession of more than one gram but less than
four grams of methamphetamine.  Tex. Health and Safety Code Ann. §
481.115(c) (Vernon 2003).  After a
punishment hearing, the trial court found seven prior felony convictions to be
true, thus enhancing the punishment to a range of 25 years to 99 years to
life.  The court sentenced Norris to
sixty years’ confinement.  Norris appeals
on four issues: (1) the evidence is legally insufficient to show that Norris
possessed the controlled substance; (2) the evidence is legally insufficient
under the Jackson standard because of
the failure to charge the jury on the law of parties; (3) the evidence is
legally insufficient under the state standard because of the failure to charge
the law of parties; and (4) the failure to charge the jury on the law of
parties resulted in egregious error.

          We will overrule the issues and affirm
the judgment.

BACKGROUND

          Freestone
 County Sheriff’s Deputy Robert
Willis testified that he was en route to a residence in response to a
disturbance call and also in an attempt to serve a felony arrest warrant on
Norris when he saw Norris in a pickup truck. 
There were four occupants in the cab: Taylor Manville was the driver;
Melinda Prater sat in the middle; Norris sat near the passenger door; Jodie
Tidrow sat in Norris’s lap.  Deputy
Willis ordered the occupants out of the vehicle.  When Norris exited the passenger side, a
black bag came out of the truck at his feet and landed on the ground.  Willis opened the black bag and found a
screwdriver kit with the name “Mark” written on it.  Inside the kit were four small bags of
methamphetamine.  The bags were tested by
a DPS chemist who testified they contained 2.89 grams of methamphetamine.

Affirmative Links

          Norris’s first issue argues that the
evidence is legally insufficient because the State failed to affirmatively link
Norris to the drugs found at the scene.  "Affirmative links"
is a shorthand expression to identify what must be proven in a prosecution for the
possession of illegal drugs.  Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  An accused must not only have exercised
actual care, control, or custody of the substance, but must also have been
conscious of his connection with it and have known what it was.  Id. 
Evidence which affirmatively links him to it suffices for proof that he
possessed it knowingly.  Id.  When
reviewing the legal sufficiency of the evidence, we view all of the evidence
in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 318-19, 99 S.Ct. 2781, 2788-89, 61
L.Ed.2d 560 (1979).

          Deputy Willis testified that the odor
of anhydrous ammonia—a farm fertilizer that is used in the manufacture of
methamphetamine—was coming from a leaking camouflaged five gallon propane
bottle in the bed of the truck.  Norris
was in an enclosed single cab pickup with the bag containing the
methamphetamine.  Because the bag fell
out of the truck by Norris’s feet when he exited the vehicle, the jury could
rationally have concluded that the bag had been in Norris’s lap or at his feet
while he was in the truck.  Norris also
had drug paraphernalia (a syringe and needle with orange cap) in his left shirt
pocket.  Norris’s first name—“Mark”—was
written on the screwdriver kit in the bag containing the methamphetamine,
numerous empty small bags, a band to wrap around one’s arm prior to putting a
needle in one’s vein, a spoon, and a cotton ball.  A Freestone
 County inmate testified that
Manville—the driver of the truck—told him that Norris “didn’t have no dope on
him, that it was his dope.”

          Considering all of the evidence in the
light most favorable to the verdict, the jury could rationally have found that
Norris knowingly or intentionally possessed the 2.89 grams of
methamphetamine.  Jackson, 443 U.S.
at 318-19, 99 S.Ct. at 2788-89.  Finding
the evidence legally sufficient, we overrule this issue.

Law of Parties

          Norris’s remaining issues contend that
the court should have instructed the jury on the law of parties, and that its
failure to do so renders the evidence legally insufficient and was egregious
error.  Norris argues that even if he can
be linked to the methamphetamine in the black bag, the evidence is insufficient
to convict him as a party to the possession of methamphetamine found on the
others in the truck.  However, the
amended indictment charged Norris only with possession of more than one gram,
but less than four grams, of methamphetamine. 
The jury was so charged and a verdict was rendered finding him guilty of
that offense.  The black bag contained
2.89 grams of methamphetamine.  As
discussed above, there was legally sufficient evidence for the jury to find
that Norris knowingly or intentionally possessed that methamphetamine.  Therefore it was not necessary for the State
to rely on the law of parties to convict him for possession of any additional
methamphetamine.

          We overrule these issues.

CONCLUSION

          Having overruled Norris’s issues, we
affirm the judgment.

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed November
 10, 2004

Do not publish 

[CRPM]